FILED

2017 DEC 12 PM 3: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SIGIFREDO GURROLA BARRIENTOS,<br>  aka "Librado Liborio<br>    Barrientos,"<br>  aka "Sigi,"<br>  aka "Charro,"<br>  aka "El Patron,"<br>  aka "El Don,"<br>  aka "George,"<br>ADRIAN MUNOZ-GARCIA,<br>  aka "Toro,"<br>  aka "El Toro,"<br>  aka "Torito,"<br>  aka "Jay,"<br>JUAN CARLOS BONILLA,<br>  aka "Chris,"<br>  aka "Phoenix,"<br>  aka "Pecheras,"<br>  aka "Pechugas,"<br>  aka "Pechu,"<br>  aka "Pechos,"<br>EDUARDO DANIEL RAMIREZ-<br>    HERNANDEZ,<br>  aka "Lalo,"<br>JOEL CORTES-SOLANO,<br>  aka "Chapito,"<br>  aka "Chapillo,"<br>  aka "Chapo,"<br>  aka "Chapin," | CR No. **CR17- 0761-PA**<br><br><u>I N D I C T M E N T</u><br><br>[21 U.S.C. § 846: Conspiracy to Distribute, and to Possess with Intent to Distribute, Controlled Substances; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Possession with Intent to Distribute Heroin and Cocaine] |

```
FNU LNU,
    aka "GANGSTER,"
JACQUELINE DE LA ROSA,
    aka "Jacqueline Delarosa,"
    aka "Jackie,"
    aka "La Gorda,"
    aka "La Gordita,"
    aka "La Sexy,"
FNU LNU,
    aka "LINEAS,"
    aka "Linas,"
    aka "Lina,"
ALEXANDER ABRAHAM TALAMANTES
    GARCIA,
    aka "Coyote,"
MANUEL RUELAS,
    aka "Meno,"
ALAN PINEDA,
ARNOLD PINEDA,
CHRISTIAN ELIAS,
    aka "Chris,"
    aka "Rambo," and
ANTHONY SALVADOR MAGALLON,
    aka "Cholo,"
    aka "Tony,"

        Defendants.
```

The Grand Jury charges:

## COUNT ONE

[21 U.S.C. § 846]

A. OBJECTS OF THE CONSPIRACY

Beginning on a date unknown and continuing until on or about December 12, 2017, in Los Angeles and Ventura Counties, within the Central District of California, and elsewhere, defendants SIGIFREDO GURROLA BARRIENTOS, also known as ("aka") "Librado Liborio Barrientos," aka "Sigi," aka "Charro," aka "El Patron," aka "El Don," aka "George" ("BARRIENTOS"), ADRIAN MUNOZ-GARCIA, aka "Toro," aka "El Toro," aka "Torito," aka "Jay" ("MUNOZ"), JUAN CARLOS BONILLA, aka "Chris," aka "Phoenix," aka "Pecheras," aka "Pechugas," aka "Pechu,"

aka "Pechos" ("BONILLA"), EDUARDO DANIEL RAMIREZ-HERNANDEZ, aka "Lalo" ("RAMIREZ"), JOEL CORTES-SOLANO, aka "Chapito," aka "Chapillo," aka "Chapo," aka "Chapin" ("CORTES-SOLANO"), First Name Unknown ("FNU") Last Name Unknown ("LNU"), aka "GANGSTER" ("GANGSTER"), JACQUELINE DE LA ROSA, aka "Jacqueline Delarosa," aka "Jackie," aka "La Gorda," aka "La Gordita," aka "La Sexy" ("DE LA ROSA"), FNU LNU, aka "LINEAS," aka "Linas," aka "Lina" ("LINEAS"), ALEXANDER ABRAHAM TALAMANTES GARCIA, aka "Coyote" ("TALAMANTES"), MANUEL RUELAS, aka "Meno" ("RUELAS"), ALAN PINEDA, ARNOLD PINEDA, CHRISTIAN ELIAS, aka "Chris," aka "Rambo" ("ELIAS"), and ANTHONY SALVADOR MAGALLON, aka "Cholo," aka "Tony" ("MAGALLON"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute, and to knowingly and intentionally possess with intent to distribute, the following controlled substances:

1.   at least 1 kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(i);

2.   at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i);

3.   heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); and

4. cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

B. <u>MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED</u>

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant BARRIENTOS would oversee the operations of a telephone-order drug delivery service known as "Manny's Delivery Service" ("Manny's").

2. Defendants BARRIENTOS, MUNOZ, and DE LA ROSA would buy wholesale quantities of drugs.

3. Defendants BARRIENTOS and MUNOZ would run the daily business of Manny's including by: managing employees; keeping drug sale ledgers; arranging storage and transportation of heroin, cocaine, and drug proceeds; and obtaining, maintaining, and outfitting a fleet of drug delivery vehicles.

4. Defendants MUNOZ, BONILLA, RAMIREZ, CORTES-SOLANO, and GANGSTER would receive customers' drug orders, and coordinate the delivery of the drugs to those customers by drivers, including defendants ALAN PINEDA, ARNOLD PINEDA, ELIAS, and MAGALLON.

5. Defendants DE LA ROSA and LINEAS would store drugs in stash houses maintained by Manny's and deliver those drugs to other members of Manny's operation for further distribution.

6. Defendants CORTES-SOLANO, TALAMANTES, and RUELAS would deliver drugs to, and collect drug proceeds from, drug delivery drivers.

7. Defendants ALAN PINEDA, ARNOLD PINEDA, ELIAS, and MAGALLON, would deliver drugs to, and receive payment from, Manny's customers, using Manny's vehicles, which contained hidden compartments.

8. Defendants MUNOZ, DE LA ROSA, and BONILLA would store Manny's drug proceeds and transfer them to unindicted co-conspirators, including sources of supply and money launderers.

C.  OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendants BARRIENTOS, MUNOZ, BONILLA, RAMIREZ, CORTES-SOLANO, GANGSTER, DE LA ROSA, LINEAS, TALAMANTES, RUELAS, ALAN PINEDA, ARNOLD PINEDA, ELIAS, and MAGALLON, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles and Ventura Counties, within the Central District of California, and elsewhere, including, but not limited to, the following:

1. On August 24, 2017, using coded language during recorded telephone calls, defendant RAMIREZ agreed to sell 1.5 grams of heroin to a customer and arranged for the delivery of that heroin to the customer.

2. On September 5, 2017, using coded language during recorded telephone calls, and at defendant MUNOZ's direction, defendant RAMIREZ arranged for drugs to be supplied to Manny's delivery drivers.

3. On September 7, 2017, using coded language during recorded telephone calls, defendant BARRIENTOS instructed defendant MUNOZ to arrange for the delivery of $129,995 in drug proceeds to a money courier.

4.   On September 7, 2017, using coded language during a recorded telephone call, defendant MUNOZ told defendant BARRIENTOS that he would deliver $129,995 in drug proceeds to defendant LINEAS, using the ride service "Uber."

5.   On September 7, 2017, defendant MUNOZ used an Uber taxi to deliver approximately $129,995 in drug proceeds to defendant LINEAS in Van Nuys, California.

6.   On September 7, 2017, defendant LINEAS delivered approximately $129,995 in drug proceeds to a money courier in Los Angeles, California.

7.   On September 7, 2017, and at defendant MUNOZ's direction, defendant ALAN PINEDA attempted to distribute heroin to a Manny's customer.

8.   On September 7, 2017, in Los Angeles County, defendant ALAN PINEDA knowingly possessed, in his vehicle and in his person, heroin for distribution to Manny's customers.

9.   On September 8, 2017, using coded language during recorded telephone calls, defendant MUNOZ attempted to recruit a delivery driver, telling the prospective driver that he (defendant MUNOZ) made substantial money selling drugs and had successfully evaded law enforcement.

10.   On September 8, 2017, using coded language during a recorded telephone call, defendant MUNOZ informed defendant BARRIENTOS that he had purchased eight units of drugs on behalf of the DTO.

11.   On September 8, 2017, using coded language during a recorded telephone call, defendant BARRIENTOS instructed defendant

6

MUNOZ to arrange for defendant DE LA ROSA to store drugs at a stash house.

12. On September 9, 2017, using coded language during a recorded telephone call, defendant MUNOZ agreed to arrange for defendant BONILLA to deliver drug proceeds to defendant BARRIENTOS.

13. On September 11, 2017, using coded language during a recorded telephone call, defendant MUNOZ threatened to assault a delivery driver for stealing some of Manny's drugs and selling them to Manny's customers on the side.

14. On September 11, 2017, using coded language during a recorded telephone call, defendant BARRIENTOS instructed defendant MUNOZ to arrange for defendant DE LA ROSA to supply drugs to co-conspirators at locations away from the stash house, so as to avoid its detection by law enforcement.

15. On September 12, 2017, using coded language during a recorded telephone call, defendant MUNOZ told defendant BARRIENTOS that approximately $200,000 in drug proceeds had been delivered to Manny's source of supply.

16. On September 17, 2017, using coded language during a recorded telephone call, defendants BARRIENTOS and MUNOZ discussed defendants BONILLA and DE LA ROSA's storage of approximately $240,000 in drug proceeds at locations controlled by Manny's.

17. On September 18, 2017, at defendant MUNOZ's direction, defendant DE LA ROSA agreed to pick up nine units of drugs.

18. On September 18, 2017, in Los Angeles County, defendants MAGALLON knowingly possessed, in his vehicle, heroin and cocaine for distribution to Manny's customers.

19. On September 22, 2017, using coded language during a recorded telephone call, defendant BARRIENTOS instructed defendant MUNOZ to avoid conflict within Manny's by concealing his salary.

20. On September 23, 2017, defendants MUNOZ and BONILLA, using coded language during a recorded telephone call, arranged to count Manny's drug proceeds.

21. On September 25, 2017, using coded language during a recorded telephone call, defendant MUNOZ confronted a delivery driver regarding a drug shortage and explained that drug proceeds were needed to pay Manny's expenses.

22. On September 25, 2017, using coded language during a recorded telephone call, defendant MUNOZ instructed a delivery driver how to package drug proceeds.

23. On September 26, 2017, in a recorded conversation and using coded language, defendant MUNOZ told defendant BARRIENTOS that defendant DE LA ROSA needed more drug proceeds to buy 12 units of drugs.

24. On September 28, 2017, using coded language during a recorded telephone call, defendant MUNOZ instructed defendant BONILLA to set aside drug proceeds to give to defendant DE LA ROSA.

25. On September 28, 2017, at defendant MUNOZ's direction, defendant BONILLA agreed to deliver drug proceeds to defendant DE LA ROSA.

26. On October 4, 2017, in Los Angeles County, defendants ARNOLD PINEDA and ELIAS knowingly possessed, in their vehicle, heroin for distribution to Manny's customers.

27. On October 5, 2017, using coded language during a recorded telephone call, defendant LINEAS alerted defendant MUNOZ that he had

given defendant TALAMANTES 25 units of drugs to resupply Manny's delivery drivers.

28. On October 5, 2017, using coded language during a recorded telephone call, defendant LINEAS requested additional drugs from Manny's primary stash house, and defendant MUNOZ agreed to arrange for defendant DE LA ROSA to provide those drugs.

29. On October 5, 2017, using coded language during a recorded telephone call, defendant TALAMANTES agreed to deliver drugs to delivery drivers for distribution to Manny's customers.

30. On October 5, 2017, using coded language during a recorded telephone call, defendants MUNOZ and BARRIENTOS discussed the hidden location of Manny's drug proceeds.

31. On October 5, 2017, using coded language during recorded telephone calls, defendant MUNOZ arranged for defendant DE LA ROSA to deliver five units of drugs to defendant LINEAS.

32. On October 5, 2017, using coded language during a recorded telephone call, defendant MUNOZ agreed to sell an ounce of heroin to a customer for $1,000, and arranged for the delivery of that heroin to the customer.

33. On October 5 and October 6, 2017, using coded language during recorded telephone calls, defendant MUNOZ arranged for defendant DE LA ROSA to pick up and deliver approximately $200,000 in drug proceeds.

34. On October 6, 2017, using coded language during a recorded telephone call, defendant TALAMANTES told defendant MUNOZ that he had delivered drugs to delivery drivers for distribution to Manny's customers.

35. On October 6, 2017, defendant DE LA ROSA delivered approximately $90,000 in drug proceeds to an unidentified person at 1300 South San Pedro Street in Los Angeles, California.

36. On October 6, 2017, defendant DE LA ROSA delivered approximately $110,000 in drug proceeds to an unidentified person at a Panasonic store at 6405 Alondra Boulevard in Paramount, California.

37. On October 6, 2017, using coded language during recorded telephone calls, defendant MUNOZ instructed delivery drivers to evade law enforcement by storing drugs in their cars' hidden compartments and swallowing drugs in their possession if stopped by law enforcement.

38. On October 7, 2017, using coded language during a recorded telephone call, defendant RUELAS informed defendant MUNOZ that he had collected drug proceeds from delivery drivers.

39. On October 7, 2017, using coded language during recorded telephone calls, defendant MUNOZ arranged for defendant LINEAS to pick up five units of drugs from defendant DE LA ROSA.

40. On October 7, 2017, using coded language during a recorded telephone call, defendant MUNOZ instructed defendant RUELAS to slash the tires of a delivery car so that law enforcement could not tow and search it.

41. On October 9, 2017, using coded language during recorded telephone calls, defendant MUNOZ instructed delivery drivers on how to package and account for drug proceeds.

42. On October 10, 2017, using coded language during recorded telephone calls, defendant MUNOZ agreed to sell heroin to a customer, and arranged for delivery of that heroin to the customer.

43. On October 11, 2017, in Los Angeles County, defendant RUELAS knowingly possessed, in his vehicle, $13,427 in drug proceeds.

44. On October 12, 2017, using coded language during a recorded telephone call, defendant MUNOZ agreed to sell approximately 250 grams of black tar heroin and a half-ounce of "China" heroin to a customer, and arranged for the delivery of that heroin to the customer.

45. On October 14, 2017, using coded language during a recorded telephone call, defendant BONILLA agreed to sell 1.5 grams of black tar heroin and $20 worth of cocaine to a customer, and arranged for the delivery of that heroin and cocaine to the customer.

46. On October 14, 2017, using coded language during recorded telephone calls, defendant BARRIENTOS demanded reimbursement from a customer who stole money from a delivery driver, explaining that he (defendant BARRIENTOS) used Manny's drug proceeds to pay his source of supply and his drug delivery drivers.

47. On October 19, 2017, using coded language during a recorded telephone call, defendant CORTES-SOLANO agreed to sell heroin and cocaine to a customer, and arranged for the delivery of that heroin and cocaine to the customer.

48. On October 20, 2017, using coded language during recorded telephone calls, defendant GANGSTER agreed to sell two grams of heroin to a customer, and arranged for the delivery of that heroin to the customer.

## COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about September 18, 2017, in Los Angeles County, within the Central District of California, defendant ANTHONY SALVADOR MAGALLON, also known as ("aka") "Cholo," aka "Tony," knowingly and intentionally possessed with intent to distribute heroin, a Schedule I narcotic drug controlled substance.

## COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about September 18, 2017, in Los Angeles County, within the Central District of California, defendant ANTHONY SALVADOR MAGALLON, also known as ("aka") "Cholo," aka "Tony," knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

A TRUE BILL

/S/.

Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

KEVIN M. LALLY
Assistant United States Attorney
Chief, Organized Crime Drug
Enforcement Task Force Section

SHAWN J. NELSON
Assistant United States Attorney
Acting Deputy Chief, Organized
Crime Drug Enforcement Task Force
Section

CHRISTOPHER D. KENDALL
A. CARLEY PALMER
Assistant United States Attorneys
Organized Crime Drug Enforcement
Task Force Section